IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

November 10, 2008

Charles R. Fulbruge III
Clerk

No. 08-50373
Summary Calendar

ANJUM MALIK

Plaintiff - Appellant

v.

CONTINENTAL AIRLINES INC

Defendant - Appellee

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:06-CV-695

Before JOLLY, BENAVIDES, and HAYNES, Circuit Judges.

PER CURIAM:[*]

During a flight from Texas to New Jersey, Anjum Malik lost her luggage after a flight attendant removed it from an overhead bin and sent it to the plane's under-cabin compartment. Malik sued Continental Airlines, asserting various federal discrimination claims, as well as state and federal claims arising from the loss of her luggage. The district court dismissed Malik's complaint in its entirety, finding her state law claims preempted by federal law and her

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

federal discrimination claims unsupported by sufficiently definite factual allegations. The district court did not, however, specifically address Malik's federal common law claim for lost luggage.[1] Thus, while we affirm the dismissal of Malik's state law claims and federal discrimination claims, we reverse the dismissal of her federal common law claim for lost luggage and remand that claim to the district court for further proceedings consistent with this opinion.

## I. FACTS

In her second amended complaint and attached affidavit,[2] Malik alleges the following facts which we must take as true in ruling on Continental's motion to dismiss for failure to state a claim. Malik boarded a Continental flight from Austin to Rhode Island via New Jersey, bringing her only luggage on board. A flight attendant helped Malik place her luggage in an overhead compartment over another seat, since the compartment over her seat was full. Because Malik's luggage contained various valuables, including antique and exotic jewelry, she never intended to transport it in the plane's under-cabin compartment.

While the plane was taxiing, another flight attendant called Malik's name over the intercom and told her that the overhead compartment was reaching full capacity and her luggage had been moved to the under-cabin compartment.

---

[1] Indeed, Continental's motion to dismiss did not address the federal claim for lost luggage. Instead, Continental addressed that claim in its summary judgment motion, which the district court did not reach. Even there, the summary judgment motion focused on Continental's defense of loss limitation, conceding that some amount may be owed. Continental did not claim in the district court that airlines can lose luggage with complete impunity.

[2] Malik attached her affidavit to her complaint and incorporated it by reference in paragraph 6. We properly consider the affidavit in ruling on Continental's motion to dismiss for failure to state a claim. See Lovelace v. Software Spectrum Inc., 78 F.3d 1015, 1017 (5th Cir. 1996) ("[I]n deciding a motion to dismiss for failure to state a claim, courts must limit their inquiry to the facts stated in the complaint and the documents either attached to or incorporated in the complaint.").

Because the outside of Malik's luggage contained no identification, she asked the flight attendant how he knew the luggage was hers. The flight attendant explained that he had to go into her luggage to learn her identity and provided her a handwritten baggage claim number. Another flight attendant suggested that Malik's bag was moved because it must have been "on the larger side."

At Malik's first stop in New Jersey, she was informed that her luggage had been checked all the way to her final destination, Rhode Island. The luggage did not appear in Rhode Island, however, and was not located during Malik's stay in Providence or thereafter. Accordingly, Malik filed a claim with Continental. Continental informed her that she would need to provide receipts for any items worth more than $100. Although she produced some receipts, Continental refused to compensate her for her losses. Rather, Continental stated that they were not liable for the lost luggage and that the contract of carriage placed its maximum liability at $2800.

Malik filed this lawsuit, alleging that Continental's actions constituted conversion and invasion of privacy, and seeking damages under the Texas Deceptive Trade Practices Act (DTPA), TEX. BUS. & COM. CODE ANN. § 17.46 (2007). Malik also brought racial and religious discrimination claims under a host of federal statutes. See 42 U.S.C. §§ 1981 (1991), 1982 (1978), 2000d et seq.; 49 U.S.C. § 40127 (2000). In support of her discrimination claims, Malik alleged that she is an "Indian-secular Muslim" with "the racial traits of people from the northern parts of the Indian sub-continent and ethno-cultural background from the Muslim communities of the northern-Indian state of Uttar Prudesh;" that, to her knowledge, no other person on the flight was identifiable, by name or otherwise, as Muslim or from the Indian sub-continent; and that Continental's unusual actions and resulting loss of her luggage may never have occurred if she was not a racial and ethnic minority.

The district court dismissed Malik's complaint in its entirety, finding her state law claims preempted by the Airline Deregulation Act (ADA), 49 U.S.C. § 41713 (1997), and her federal discrimination claims unsupported by sufficient factual allegations. Malik's claims are now before this Court.

## II. DISCUSSION

Malik maintains that the ADA does not preempt her state law claims and that her complaint adequately states claims for racial and religious discrimination. We review de novo the district court's dismissal of Malik's claims under FED. R. CIV. P. 12(b)(6). Abraham v. Singh, 480 F.3d 351, 354 (5th Cir. 2007). In so doing, we accept all well-pleaded facts as true and view them in the light most favorable to Malik. Id. To survive a Rule 12(b)(6) motion, the allegations must be sufficient "to raise a right to relief above speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1965 (2007) (citation and footnote omitted). If Malik's complaint fails to allege facts sufficient to "nudge[ ] [her] claims across the line from conceivable to plausible, [her] complaint must be dismissed." Id. at 1974.

## A. Preemption

In pertinent part, 49 U.S.C. § 41713(b)(1) provides:

[A] State . . . may not enact or enforce a law, regulation, or other provision having the force and effect of law related to a price, route, or service of an air carrier that may provide air transportation under this subpart.[3]

As we have previously recognized, the scope of preemption under §41713(b)(1) must be evaluated with reference to its origins in the ADA, a statute intended to deregulate the airline industry. Hodges v. Delta Airlines,

---

[3] This provision was originally codified at 49 U.S.C. § 1305(a). In 1994, Congress recodified the provision at § 41713(b)(1) and made stylistic changes that were not intended to substantively change existing law. Lyn-Lea Travel Corp. v. Am. Airlines, Inc., 283 F.3d 282, 286 n.4 (5th Cir. 2002).

Inc., 44 F.3d 334, 335 (5th Cir. 1995) (en banc). Congress enacted § 41713(b)(1) "[t]o prevent states from frustrating the goals of deregulation by establishing or maintaining economic regulations of their own." Id.

In construing § 41713(b)(1)'s use of the phrase "related to," the Supreme Court has drawn on the broad construction of that phrase in ERISA cases, recognizing that the language expresses "a broad pre-emptive purpose." Morales v. Trans World Airlines, Inc., 504 U.S. 374, 383 (1992). In Morales, the Court defined the phrase as "to stand in some relation; to have bearing or concern; to pertain; refer; to bring into association with or connection with." Id. (quoting BLACK'S LAW DICTIONARY 1158 (5th ed. 1979)). In adopting this broad construction, the Court rejected arguments that § 41713(b)(1) preemption does not extend to "laws of general applicability," such as state consumer protection laws, or state laws that are "consistent" with federal laws. Id. at 386-87. Rather, § 41713(b)(1) preempts "[s]tate enforcement actions having a connection with, or reference to, airline 'rates, routes or services.'" Id. at 384.

Although the Supreme Court has not defined the term "services," this Court, relying in part on Morales, subsequently made clear that the term includes "items such as ticketing, boarding procedures, provision of food and drink, and baggage handling, in addition to the transportation itself." Hodges, 44 F.3d at 336. In Hodges we concluded that:

> "Services" generally represent a bargained-for or anticipated provision of labor from one party to another. If the element of bargain or agreement is incorporated in our understanding of services, it leads to a concern with the contractual arrangement between the airline and the user of the service. Elements of the air carrier service bargain include items such as ticketing, boarding procedures, provision of food and drink, and baggage handling, in addition to the transportation itself. These matters are all appurtenant and necessarily included with the contract of carriage between the passenger or shipper and the airline. It is these [contractual] features of air transportation that we believe Congress

5

intended to de-regulate as "services" and broadly to protect from state regulation.

Id.

Accordingly, under Morales and Hodges, state law claims having a "connection" with an airline's baggage handling services are preempted by § 41713(b)(1). See Casas v. Am. Airlines, Inc., 304 F.3d 517, 525 (5th Cir. 2002) (noting that Hodges requires the conclusion that a passenger's claims under state law for the loss of checked baggage are preempted by § 41713(b)(1)); cf. Sam L. Majors Jewelers v. ABX, Inc., 117 F.3d 922, 931 (5th Cir. 1997) (holding that ADA preempts claim under Texas DTPA arising from loss of shipped goods).

We have little trouble concluding that Malik's state law claims have a connection with Continental's baggage handling services. Indeed, each of those claims attempts to hold Continental liable for the manner in which it handled and ultimately lost Malik's luggage.

Nonetheless, Malik contends that her state tort claims do not relate to a Continental "service" in this particular case because she neither bargained for nor anticipated Continental's actions in converting her carry-on luggage into checked luggage. We disagree. Regardless of how Continental performed the services or Malik's expectations, these are precisely the types of "services" that Hodges determined come within the scope of § 41713(b)(1) preemption.

Malik further contends that her state tort actions "affect [baggage handling services] in too tenuous, remote, or peripheral a manner to have preemptive effect." Morales, 504 U.S. at 390 (citation omitted). But we fail to see how permitting airline passengers to bring state tort claims based on lost luggage (however it came to be lost) can be characterized as "remotely" connected to baggage handling services. Such claims strike at the very heart of a "service" that Congress intended to protect from state regulation. See Hodges, 44 F.3d at 336; see also Casas, 304 F.3d at 525 (noting that Hodges requires the

conclusion that a passenger's claims under state law for the loss of checked baggage are preempted by § 41713(b)(1)).

Malik also argues that her claims, like the personal injury claims in Hodges, are not preempted by § 41713(b)(1) because they relate to the "operation and maintenance of aircraft" rather than the "service" of baggage handling. Id. at 336 (noting that "federal preemption of state laws, even certain common law actions 'related to services' of an air carrier, does not displace state tort actions for personal physical injuries or property damages caused by operation and maintenance of aircraft"). If Malik's bags had caught on fire during a plane crash, her contention might have merit. But her claims are centered on airline personnel's alleged mishandling of her bags, not damage from the way in which the plane was flown.[4]

Finally, because the ADA preempts all of Malik's state law claims, her claim for attorney's fees under state law must also be dismissed. See Green Int'l v. Solis, 951 S.W.2d 384, 390 (Tex. 1997) (to recover attorney's fees under the Texas Civil Remedies and Practice Code, a party must first "prevail on a cause of action for which attorney's fees are recoverable.").

B. Federal Discrimination Claims

We also conclude that the district court properly dismissed Malik's federal claims for racial and religious discrimination. Malik asserts claims for violation of 42 U.S.C. §§ 1981, 1982, 2000d et seq., and 49 U.S.C. § 40127. Each of these statutes requires a litigant to plead facts in support of intentional discrimination. 49 U.S.C. § 40127 (mandating air carrier not subject person in air travel to discrimination on basis of race, color or national origin); Alexander v. Sandoval, 532 U.S. 275, 281 (2001) (Title VI prohibits intentional

---

[4] We also note that Malik waived this argument by failing to raise it in her original brief. United States v. Jackson, 426 F.3d 301, 304 n.2 (5th Cir. 2005) ("Arguments raised for the first time in a reply brief . . . are waived.").

discrimination); Green v. State Bar of Tex., 27 F.3d 1083, 1086 (5th Cir. 1994) (noting that plaintiff must allege facts showing intent to discriminate to state a claim under § 1981); Vaughner v. Pulito, 804 F.2d 873, 877 (5th Cir. 1986) ("A cause of action based upon section 1982 . . . requires an intentional act of racial discrimination.").

To state claims for intentional discrimination, Malik's complaint must allege "more than labels and conclusions;" rather her "[f]actual allegations must be enough to raise a right to relief above the speculative level." Twombly, 127 S. Ct. at 1965. Malik's complaint falls well short of these standards. She simply alleges that, to her knowledge, she was the only Indian-secular Muslim on a flight where her luggage was removed from an overhead compartment; opened so she could be identified; sent to the plane's under-cabin compartment; and ultimately lost. She alleges that Continental never compensated her. Based on this "outrageous conduct," Malik concludes that "she was singled out, subjected to different standards, deprived of her property, and denied compensation because she was a member of a racial, ethnic, and religious group." As the district court explained, Malik has failed to allege any facts establishing a connection between Continental's actions and her racial and religious background. Rather, Malik's complaint is rife with speculation that she feels "she [has] cause to wonder what the source of this disparate treatment could be." Such unsupported speculation is insufficient to support a claim for intentional discrimination.

Finally, Malik's complaint alleges that Continental failed to compensate her for the loss of her luggage. Although the district court dismissed Malik's complaint with prejudice, it failed to address her ability to recover for lost luggage under federal law.[5] On appeal, Malik continues to press this claim by

---

[5] Continental acknowledged that Malik's complaint pleaded a cause of action for lost luggage under federal law by moving for summary judgment that the liability limitations in

arguing that the liability limitations for loss of luggage contained in Continental's contract of carriage are unenforceable. We have recognized that the federal common law provides airline passenger's with a cause of action for lost luggage. Casas, 304 F.3d at 521. Accordingly, we reverse the district court's dismissal of Malik's federal claim for lost luggage and remand the cause for the limited purpose of adjudicating that claim. Because the district court did not address the enforceability of the liability limitations for loss of luggage contained in Continental's contract of carriage or the scope of same, we decline to do so for the first time on appeal.

## III. CONCLUSION

For the foregoing reasons, the dismissal of Malik's state law claims and federal discrimination claims is AFFIRMED. The dismissal of Malik's federal common law claim for lost luggage is REVERSED, and the cause is REMANDED for further proceedings consistent with this opinion.

---

its contract for carriage were enforceable as to that action.