# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

April 20, 2020

Lyle W. Cayce
Clerk

No. 19-30853
Summary Calendar

DOROTHY JACKSON,

      Plaintiff - Appellant

v.

JOHN PIERRE; RAY L. BELTON; ANN A. SMITH; PATRICK D. MAGEE;
CURMAN L. GAINS; DONALD R. HENRY; LEON R. TARVER, II; JOHN L.
BARTHELEMY; LEROY DAVIS; DOMOINE RUTLEDGE; ARMOND
DUNCAN; RANI WHITFIELD; ALFREDA DIAMOND; VIRGINIA
LISTACH; WINSTON DECUIR, JR.; BOARD OF SUPERVISORS FOR THE
SOUTHERN UNIVERSITY AND AGRICULTURAL AND MECHANICAL
COLLEGE,

      Defendants - Appellees

Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 3:18-CV-603

Before WIENER, HAYNES, and COSTA, Circuit Judges.

PER CURIAM:*

---

    \* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH
CIR. R. 47.5.4.

No. 19-30853

Dorothy Jackson appeals the dismissal of her claims against several officials at Southern University.  For the following reasons, we AFFIRM.

### A.     Background[1]

Jackson was employed as a tenured law professor at the Southern University Law Center.  Her responsibilities included supervising the school's elder law clinic.  Additionally, Jackson provided services—including performing elder law workshops—to elderly individuals under a grant.  She received additional compensation for these services.  In 2016, workshop attendee Helen Plummer asked Jackson to draft her will.  Jackson directed Plummer to apply for services through the law school's clinic.  Plummer did so, and Jackson then drafted and executed her will.

After Plummer's death in March 2017, controversy ensued involving a granddaughter who was "skipped over" (i.e., not bequeathed sums in the will) and therefore did not inherit from Plummer's will.  The executrix of the will, who did not qualify for services under the grant, hired Jackson to represent her in a proceeding related to the will.  Somebody complained to the law school about Jackson's participation in drafting the will; Jackson alleged that the person who complained probably was the disinherited granddaughter.

In April 2017, the law school placed Jackson on administrative leave.  According to her complaint, in July, she received a copy of a 21-page excerpt of a report from the law school summarizing its internal investigation into the allegations against her.  Later that month, she met with a university official to discuss the investigation.  In August, the news media filed a public records lawsuit seeking access to information about Jackson's employment.

---

[1] Because this was a dismissal under Rule 12(b)(6), we provide the facts based upon Jackson's complaint, taking factual statements (as opposed to conclusory allegations) as true. *See Malik v. Cont'l Airlines Inc.*, 305 F. App'x 165, 166 (5th Cir. 2008) (per curiam).

No. 19-30853

Jackson alleged that later that month, she received a letter indicating that

> [b]ased on allegations made by the family members of Helen Plummer, the Southern University Law Center has the following charges against . . . Professor Dorothy Jackson: (1) She engaged in conduct seriously prejudicial to the Southern University Law Center and the Southern University System; (2) She engaged in unethical and/or immoral behavior; (3) She failed to perform duties in a professional manner.

Jackson alleged that she requested more specific charges, but they were not provided. In October, she received another letter from the law school, referring to a complaint made by Plummer's family that, if proven, would support the allegation that Jackson "may have violated the Louisiana Rules of Professional Conduct, the Louisiana Code of Governmental Ethics, and/or the Council on Aging Bylaws."

In November, the law school held an investigatory committee hearing. The committee first articulated specific information about the charges against Jackson. According to Jackson, some of the specifics were broader than the information contained in the letters she had received. Jackson then provided rebuttal testimony in response to the charges. Jackson alleged that the investigatory committee determined that there was not clear and convincing evidence to support termination, but it recommended a one-year suspension without pay and revocation of tenure. However, John Pierre, a university official who appears to have overseen or been closely involved with the investigation, recommended termination. At some point, Jackson was terminated.

Jackson appealed the termination, and a hearing was set before the university's personnel committee. Thirteen members of the committee heard the appeal. Both sides were permitted to submit position papers in advance of

No. 19-30853

the hearing and to present oral argument.  Jackson did both; the university representatives presented only oral argument.  Jackson's appeal was denied.

In June 2018, Jackson sued several university officials in federal court. She alleged (1) a violation of due process rights under 42 U.S.C. § 1983; (2) a conspiracy to violate her due process rights under 42 U.S.C. §§ 1985 and 1986; and (3) several state law claims, including violation of due process, conspiracy, abuse of rights, and intentional infliction of emotional distress.  The university officials, through several individual motions, moved to dismiss Jackson's claims under Federal Rule of Civil Procedure 12(b)(6).  The district court granted the motions in a careful and thorough opinion.  *See Jackson v. Pierre*, No. 18-603-SDD-RLB, 2019 WL 4739294 (M.D. La. Sept. 27, 2019).  Jackson now appeals.

### B.    Discussion

We review the district court's dismissal for failure to state a claim de novo.  *Haase v. Countrywide Home Loans, Inc.,* 748 F.3d 624, 630 (5th Cir. 2014).  Under Rule 12(b)(6), the plaintiff's complaint must contain sufficient factual allegations to state a plausible claim for relief.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

### I.    Due Process Claim

The key issue in this appeal is whether the district court erred in determining that Jackson failed to allege a due process claim as a matter of law.  We hold that it did not.

Before a tenured professor's employment is terminated, she has a right under the Due Process Clause to:

> (1) be advised of the cause for [her] termination in sufficient detail so as to enable [her] to show any error that may exist; (2) be advised of the names and the nature of the testimony of the witnesses against [her]; (3) a meaningful opportunity to be heard in [her] own defense within a reasonable time; and (4) a hearing

4

before a tribunal that possesses some academic expertise and an apparent impartiality toward the charges.

*Levitt v. Univ. of Tex. at El Paso*, 759 F.2d 1224, 1227–28 (5th Cir. 1985). However, these requirements are not violated simply by failing to comply with internal rules or policies of the university. *Id.* at 1230 (providing that a violation of internal rules "may constitute a breach of contract or violation of state law, but unless the conduct trespasses on federal constitutional safeguards, there is no constitutional deprivation"). In other words, a constitutional violation is not plausibly alleged simply by putting forth facts showing that the defendant failed to follow its own rules. *Id.*

The first two prongs center on notice—whether the terminated professor received sufficient notice of the cause for her termination and the witnesses against her. As to the first, we have held that notice was sufficient when an employee received a letter containing a copy of the charges against him. *See Pastorek v. Trail*, Nos. 99-30317, 99-31146, 2001 WL 85921, at *4 (5th Cir. Jan. 26, 2001) (per curiam) (citing *Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 546 (1985)). Here, according to Jackson's pleading, the letters that she received made clear that the investigation would concern ethical and professionalism concerns regarding her handling of Plummer's will. She also received a 21-page report related to the investigation. We agree with the district court that the letters, based on the description in Jackson's complaint, contained sufficient detail to enable Jackson to show any error that may have existed. *See Levitt*, 759 F.2d at 1227–28. As to the second prong, based on Jackson's allegations, the letters she received in August and October put her on notice of the identities (family members of Helen Plummer) of the witnesses against her and the nature of their testimony (concerns about her handling of the will).

The third and fourth prongs focus on the opportunity to be heard. As to the third, "[o]ne who is present, who sees and hears the witnesses against him, has notice of who they are and what they maintain before he must meet them with his case; his confrontation rights are satisfied." *Wells v. Dall. Indep. Sch. Dist.*, 793 F.2d 679, 683 (5th Cir. 1986). Jackson alleges she first had a hearing where she was able to hear the case against her and present testimony to rebut the allegations. Her complaint then explains that she submitted written papers and presented argument at an appeal. These two hearings certainly met the requirement of an opportunity to be heard, even if they were lacking in all the accoutrements she sought. As to the fourth prong, Jackson had both an initial hearing before the investigatory committee and an appeal before the personnel committee. Each committee was comprised of several university officials who held academic expertise as explained in the district court opinion. *See Jones v. La. Bd. of Sup'rs of Univ. of La. Sys.*, 809 F.3d 231, 237–38 (5th Cir. 2015) (affirming that a "hearing before a committee of seven faculty members . . . met the constitutionally mandated minimum requirements for due process"). Further, to show that the committee was impartial, a plaintiff must allege "actual bias, not the mere *appearance* of bias." *Levitt*, 759 F.2d at 1228. Jackson did not plead facts supporting a finding that any of the officials showed actual bias against her.

We conclude that Jackson's pleadings fail to plausibly allege that she did not receive sufficient due process before termination.[2] Accordingly, we

---

[2] Jackson argues that the district court failed to properly address the process related to a reduction in pay while she was on administrative leave. But Jackson alleged in her complaint that she continued to receive "full pay" as a clinical faculty member during her leave. In her brief, she alleges that she lost pay earned by taking on additional, non-clinical teaching responsibilities. But Jackson pleaded that her contract was a "clinical faculty contract," and she does not suggest that the additional course load was part of that agreement. Moreover, Jackson has not cited any relevant authority supporting her claim that she was entitled to extra responsibilities and salary on top of the full pay received for

affirm the district court's dismissal of her § 1983 claim.[3]

## II.     Conspiracy Claim

Jackson contends that the district court erred in dismissing her claims under 42 U.S.C. §§ 1985(2) and 1986 (collectively, her "conspiracy claim"). Section 1985(2) makes it illegal for two or more persons to conspire to obstruct justice by intimidating a party, witness, or juror. Additionally, a person who knows that persons are conspiring to deprive another of her civil rights in violation of § 1985, "ha[s] power to prevent or aid in preventing the commission of the same, [and] neglects or refuses so to do" may be liable as well. 42 U.S.C. § 1986.

Jackson's conspiracy claim fails for several reasons. First, she has not cited any law supporting the theory that a conspiracy to remove a tenured professor could support a claim under these statutes, even if a due process violation existed. *See Mitchell v. Johnson*, No. 07-40996, 2008 WL 3244283, at *2 (5th Cir. Aug. 8, 2008) (providing that an element of a § 1985(2) claim is that the conspiracy was "to deter a witness by force, intimidation, or threat from attending federal court or testifying freely in a matter there pending"). Second, because of our conclusion above that Jackson failed to plausibly allege a due process violation as a matter of law, there can be no relevant conspiracy.

---

her tenured position as a clinical faculty member. Therefore, as a matter of law, Jackson has not shown that she was entitled any process with respect to the loss of responsibilities that were additional to and separate from her clinical teaching job while she was on administrative leave.

[3] The district court dismissed the state-law claims without prejudice under 28 U.S.C. § 1367, declining to exercise supplemental jurisdiction in the face of the dismissal of the federal claims. *Jackson*, 2019 WL 4739294, at *9. Based on Jackson's own brief, the appeal of her state-law claims is predicated on her § 1983 claim. Since we affirm the district court's dismissal of her § 1983 claim, we affirm the dismissal without prejudice of her state-law claims as well.

No. 19-30853

*See Pastorek*, 2001 WL 85921, at \*6 (noting that "conspiracy claims . . . [are] not actionable without an underlying violation of section 1983").

In sum, even if a conspiracy to deprive a person of due process related to professional tenure could support a claim under these statutes (and it appears it could not), Jackson has not shown that the university officials actually deprived her of due process. We affirm the district court's dismissal of the §§ 1985 and 1986 claims and denial of her motion to amend.[4]

AFFIRMED.

---

[4] We agree that Jackson has failed to point to any amendments to her complaint that could change the outcome.